```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


BLAIR DISEATI,                    )
                                  )
     Plaintiff,                   )
                                  )
          v.                      )     1:05cv1088 (JCC)
                                  )
THE RYLAND GROUP, INC.            )
                                  )
     Defendant.                   )
```

## **M E M O R A N D U M   O P I N I O N**

       This matter is before the Court on Defendant's motion for summary judgment and Plaintiff's motion to set this matter for trial by jury.  For the reasons stated below, the Court will grant Defendant's motion for summary judgment and accordingly deny Plaintiff's motion to set this matter for trial by jury.

### I. Background

       Plaintiff, Blair Diseati, was employed as the Vice President of Sales and Marketing for the Washington, D.C. area by Defendant, The Ryland Group, Inc. ("Ryland"), starting in September of 1998.  Diseati received an offer letter dated September 14, 1998 outlining his compensation, as well as a bonus plan memorandum dated November 2, 1998 which supplied additional compensation information.  Diseati admits to receiving Ryland's 1997 Policy Manual after acceptance of employment in 1998.  He also admits to receiving the 2002 Policy Manual.  Both of these

-1-

manuals highlight that all employment is at-will and bonuses are discretionary.

Ryland's profits rose significantly each year Diseati was employed. Diseati received merit salary and bonus increases in 2000 and 2001. Diseati claims that he had a conversation with his supervisor in early 2002 in which they decided that in exchange for his continued employment with Defendant, Diseati's compensation for the upcoming year would include a salary of $94,185, he would be paid $100 per settlement, and he would receive .9% bonus based on the pre-tax profit of the Washington Division of Defendant. In exchange, Plaintiff allegedly agreed to remain employed with Defendant under these terms.

Diseati was terminated on August 15, 2002. Plaintiff alleges he was terminated solely as a result of allegations that he paid for a pool table which he took from one of the model homes too late. Defendant claims Diseati was terminated because of doubts about his judgment and trustworthiness, in part due to the acquisition of the pool table.

On August 12, 2005, Diseati filed suit against Ryland in Fairfax County Circuit Court. The two-count motion for judgment alleges breach of an express contract and breach of an implied contract. He seeks recovery of his annual bonus for the year in which he was terminated. The matter was removed to this Court on September 15, 2005. On March 16, 2006, Defendant filed

a motion for summary judgment. On March 27, 2006, Plaintiff filed a motion to set this matter for trial by jury. These motions are currently before the Court.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted). The party seeking summary judgment has the initial burden to show the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The party opposing summary judgment may not rest upon mere allegations or denials. A "mere scintilla" of evidence is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 248-52.

Unsupported speculation is not enough to withstand a motion for summary judgment.  *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986).  Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant."  *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

Ryland rests its motion for summary judgment on the fact that Diseati remained an at-will employee in 2002, as he had been in all previous years, and that as an at-will employee he could be terminated for cause or with no cause.  Ryland further claims that a prerequisite for receiving a bonus is employment on the last day of the bonus year; since Diseati was not employed on December 31, 2002, he was ineligible for a bonus.  Similarly, granting a bonus is entirely discretionary, and as such Ryland was never required to bestow a bonus on Diseati regardless of his length of employment.

Diseati responds claiming that he was not an at-will employee in 2002. He states that he became a term employee with a mandatory bonus as a result of a conversation he had with his supervisor in early 2002. As such, if Ryland were to terminate his employment, it had to do so with cause, and without cause Diseati is still entitled to the 2002 bonus that was inappropriately withheld from him.

There is certainly a dispute about the reason for Diseati's termination and whether his termination can be classified as one for just cause. There is ample evidence that Ryland distrusted Diseati; yet there is also evidence that Ryland's investigation into the pool table acquisition was incomplete. However, this fact is only material if it is determined that Diseati was a term employee rather than an at-will employee. "Virginia strongly adheres to the common law employment-at-will doctrine. In Virginia, an employment relationship is presumed to be at-will, which means that the employment term extends for an indefinite period and may be terminated by the employer or employee for any reason upon reasonable notice." *County of Giles v. Wines*, 262 Va. 68, 72 (2001) (internal citations omitted). This presumption can be overcome, however, "if sufficient evidence is produced to show that the employment is for a definite, rather than an indefinite, term." *Id.*

The evidence presented to the Court by both parties makes clear that Diseati was an at-will employee of Ryland. His at-will status was unmistakably stated in the 1997 and 2002 Policy Manuals. Even though Plaintiff claims these documents were not specifically incorporated into any contract that Diseati signed, they still govern his employment. This determination is supported by case law that suggests that at-will policy language need not be specifically mentioned in contractual documents to support the presumption. *See Miller v. SEVAMP, Inc.*, 234 Va. 462, 467 (1987). Furthermore, there is no conflicting testimony that this presumption was ever overcome.

The evidence presented to this Court does not suggest that there is a legitimate dispute about whether Diseati's at-will employment status changed in 2002. The party opposing summary judgment may not rest upon mere allegations or denials. A "mere scintilla" of evidence is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 248-52. This is exactly what Diseati has presented to this Court. The only suggestion of any change in employment status is the Motion for Judgment and Plaintiff's testimony that does not include any mention of term or continued employment or mandatory bonuses. In fact, Plaintiff states the alleged verbal contract that changed his employment status basically consisted of "oh, by the way . . . your percentage will be the same. Your dollar value per closing will

be the same, but your salary will increase 3 percent." (Deft's Reply Ex. G.) There is no discussion of duration or a promise to continue employment through the end of the year, nor is there any discussion of changing the discretionary nature of bonuses. Based on what has been submitted to the Court, it is fair to say that Diseati has presented nothing but mere allegations to deny his at-will employment status in 2002. As such, he is barred as a matter of law from asserting a breach of contract. Likewise, since Diseati remained an at-will employee as he had for his previous four years with his bonus at the discretion of the Defendant, he cannot as a matter of law claim a breach of implied contract.

Because the Court is granting Defendant's Motion for Summary Judgment there is no reason to go into the merits of Plaintiff's motion to set this matter for trial for jury.

### IV. Conclusion

For the reasons stated above, the Court will grant Defendant's motion for summary judgment and, accordingly, deny Plaintiff's motion to set this matter for trial by jury.


April _24_, 2006                    _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE